UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-60613

REBECCA LILAND,

    Plaintiff,

vs.

ALL AMERICAN BARRICADES,
CORP.,

    Defendant.
_____/

**COMPLAINT**

Plaintiff Rebecca Liland ("Liland"), by and through her undersigned counsel, hereby sues Defendant All American Barricades, Corp. ("All American"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This Action is brought to remedy violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 et. seq. ("Title VII"), the American with Disabilities Act, as amended 42 U.S.C., § 12112 et. seq., § 12203 et. seq. ("ADA"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Chapter 760 et. seq. ("Florida Civil Rights Act"), and for Workers' Compensation Retaliation, as amended Fla. Stat. § 440.205 et. seq. ("Florida Worker's Compensation Act").

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Liland's claims.

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

1

4. Liland filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding the claims raised herein, received a Notice of Right to Sue, and timely filed suit.

5. Pursuant to 28 U.S.C. § 1391(b), venue lies in Broward County, Florida because a substantial part of the events giving rise to these claims occurred within this District.

6. Liland is part of a protected class in that she is gay and is female.

7. All American is a Florida Corporation with its principal place of business in Fort Lauderdale, Florida.

8. At all times material hereto, Liland was employed by All American as a barricade installer.

9. All American is an "employer" and an otherwise covered entity within the meaning of Title VII, the ADA, the Florida Civil Rights Act, and the Florida Worker's Compensation Act.

10. While working, a male co-worker exposed his penis to Liland and urinated in front of her.

11. The co-worker told Liland that she "should be with a man like him."

12. On more than one occasion, the co-worker made references to turning Liland straight.

13. Liland explained to the co-worker on more than one occasion that she was gay.

14. The co-worker repeatedly ignored Liland and continued to make advances.

15. On one occasion, he told her that he "had always wanted to be with a white woman."

16. Liland reported the conduct to All American, notified All American that she was being sexually harassed by the co-worker who had exposed himself, and opposed the hostile work environment created by the co-worker.

17. All American did not take any action after Liland made the report to mitigate the potential for future harm and required Liland to continue working with him, which, in turn, lead to continued harassment.

18. On October 22, 2019, Liland injured her left shoulder in a motor vehicle accident in the course and scope of her employment.

19. As Liland was scheduled to have surgery on February 26, 2020, her last day of work was February 25, 2020.

20. All American was aware of Liland's desire to return to work after recovering from surgery and explained that she could return to work when she was able.

21. Liland filed a claim for Worker's Compensation benefits.

22. After her surgery, Liland's Worker's Compensation physician imposed work restrictions limiting the use of her left arm.

23. The injury and subsequent surgery also limited Liland's ability to care for herself at home and perform every-day tasks like cooking and cleaning.

24. Liland was disabled in that she had a physical impairment that substantially limited one or more major life activities and that All American regarded Liland as having such an impairment.

25. On March 27, 2020, Liland gave a note to her general manager, Alicia Garces ("Garces"), indicating that she could return to work on April 9, 2020.

26. On March 31, 2020, Liland requested a reasonable accommodation for her disability.

27. A week before Liland was scheduled to return to work, on April 2, 2020, Liland contacted Garces and asked if the COVID-19 pandemic would affect her return to work. Garces did not respond.

28. On April 8, 2020, a day before Liland was scheduled to return to work, Liland again contacted Garces and asked what time she should report to work. Garces did not respond.

29. On April 15, 2020, All American terminated Liland.

## COUNT I – RETALIATION PURSUANT TO TITLE VII

30. Liland re-alleges paragraphs 1-10 and 27-29 as though fully set forth herein.

31. This count is brought pursuant to Title VII.

32. All American retaliated against Liland for engaging in protected activity by terminating her employment.

33. There was a causal connection between the adverse employment action and the acts of protected activity.

34. In addition to a temporal connection, the termination would not have occurred but for Liland engaging in protected activity.

35. At all times material to this count, Liland was qualified for the position.

36. All American was responsible for such unlawful actions under a theory of vicarious or direct liability.

37. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

38. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated Title VII, and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

**COUNT II – RETALIATION PURSUANT TO FLA. STAT. § 760.10**

39. Liland re-alleges paragraphs 1-10 and 27-29 as though fully set forth herein.

40. This count is brought pursuant to the Florida Civil Rights Act.

41. All American retaliated against Liland for engaging in protected activity by terminating her employment.

42. There was a causal connection between the adverse employment action and the acts of protected activity.

43. In addition to a temporal connection, the termination would not have occurred but for Liland engaging in protected activity.

44. At all times material to this count, Liland was qualified for the position.

45. All American was responsible for such unlawful actions under a theory of vicarious or direct liability.

46. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

47. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated the Florida Civil

Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT III- WORKER'S COMPENSATION RETALIATION PURSUANT FLA. STAT. § 440.205

48. Liland re-alleges paragraphs 1-10 and 18-29 as though fully set forth herein.

49. This count is brought pursuant to Fla. Stat. § 440.205.

50. All American retaliated against Liland for filing a claim for Worker's Compensation benefits by terminating her employment.

51. There was a causal connection between the adverse employment action and Liland's act of filing a claim for Worker's Compensation benefits.

52. In addition to a temporal connection, the termination would not have occurred but for Liland's act of filing for worker's compensation benefits.

53. At all times material to this count, Liland was qualified for the position.

54. All American was responsible for such unlawful actions under a theory of vicarious or direct liability.

55. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

56. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated § 440.205, *Florida Statutes*, and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

## COUNT IV- SEX DISCRIMINATION PURSUANT TO TITLE VII

57. Liland re-alleges paragraphs 1-17 and 27-29 as though fully set forth herein.

58. This count is brought pursuant to Title VII.

59. All American discriminated against Liland by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her sexual orientation.

60. All American treated similarly situated employees who were not gay more favorably.

61. At all times material to this count, Liland was qualified for her position.

62. All American was responsible for such unlawful actions under a theory of vicarious or direct liability.

63. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

64. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated Title VII and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

## COUNT V - SEX DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

65. Liland re-alleges paragraphs 1-17 and 27-29 as though fully set forth herein.

66. The count is brough pursuant to the Florida Civil Rights Act.

67. All American discriminated against Liland by terminating her employment because of her sexual orientation.

68. All American treated similarly situated employees who were not gay more favorably.

69. At all times material to this count, Liland was qualified for her position.

70. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

71. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT VI - SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO TITLE VII

72. Liland re-alleges paragraphs 1-17 and 27-29 as though fully set forth herein.

73. This count is brought pursuant to Title VII.

74. At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of Liland's employment and create an abusive working environment.

75. The hostile work environment was based on Liland's sex and sexual orientation.

76. All American did nothing in response to Liland's complaints of harassment and placed Liland in a situation where the harassment was permitted to continue.

77. All American was responsible for such environment under a theory of vicarious or direct liability.

78. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

79. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated Title VII and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT VII - SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO FLA. STAT. § 760.10

80. Liland re-alleges paragraphs 1-17 and 27-29 as though fully set forth herein.

81. This count is brought pursuant to the Florida Civil Rights Act.

82. At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of Liland's employment and create an abusive working environment.

83. The hostile work environment was based on Liland's sex and sexual orientation.

84. All American did nothing in response to Liland's complaints of harassment and placed Liland in a situation where the harassment was permitted to continue.

85. All American was responsible for such environment under a theory of vicarious or direct liability.

86. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

87. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT VIII - DISABILITY DISCRIMINATION PURSUANT TO 42 U.S.C. § 12112

88. Liland re-alleges paragraphs 1-10 and 18-29 as though fully set forth herein.

89. This count is brought pursuant to 42 U.S.C. § 12112.

90. All American discriminated against Liland by terminating her employment because of her disability.

91. At all times material to this count, Liland was qualified for her position.

92. At all times material to this count, All American was aware of Liland's disability.

93. Liland initiated at least one specific demand for an accommodation.

94. Despite Liland's request for a reasonable accommodation, All American failed to engage in an interactive process with Liland to determine an appropriate, reasonable accommodation.

95. All American failed to reasonably accommodate Liland's disability.

96. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

97. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated 42 U.S.C. § 12112 and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT IX - DISABILITY DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

98. Liland re-alleges paragraphs 1-10 and 18-29 as though fully set forth herein.

99. This count is brought pursuant to the Florida Civil Rights Act.

100. All American discriminated against Liland by terminating her employment because of her disability.

101. At all times material to this count, Liland was qualified for her position.

102. At all times material to this count, All American was aware of Liland's disability.

103. All American a failed to reasonably accommodate for her disability, despite Liland's multiple requests for accommodations.

104. Liland initiated the specific demand for an accommodation.

105. Despite Liland's request for a reasonable accommodation, All American failed to engage in an interactive process with Liland to determine an appropriate, reasonable accommodation.

106. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

107. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT X - DISABILITY-BASED RETALIATION PURSUANT TO 42 U.S.C. § 12203

108. Liland re-alleges paragraphs 1-10 and 18-29 as though fully set forth herein.

109. This count is brought pursuant to 42 U.S.C. § 12203.

110. All American retaliated against Liland for requesting a reasonable accommodation by terminating her employment.

111. There was a causal connection between the adverse employment action and her request for a reasonable accommodation.

112. In addition to a temporal connection, the termination would not have occurred but for Liland's request for a reasonable accommodation.

113. At all times material to this count, Liland was qualified for the position.

114. All American was responsible for such unlawful actions under a theory of vicarious or direct liability.

115. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

116. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated 42 U.S.C. § 12203 and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

### COUNT XI – DISABILITY-BASED RETALIATION PURSUANT TO FLA. STAT. § 760.10

117. Liland re-alleges paragraphs 1-10 and 18-29 as though fully set forth herein.

118. This count is brought pursuant to the Florida Civil Rights Act.

119. All American retaliated against Liland for requesting a reasonable accommodation by terminating her employment.

120. There was a causal connection between the adverse employment action and Liland's request for a reasonable accommodation.

121. In addition to a temporal connection, the termination would not have occurred but for Liland's disability.

122. At all times material to this count, Liland was qualified for the position.

123. All American was responsible for such unlawful actions under a theory of vicarious or direct liability.

124. Liland has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

125. All American's conduct was intentional and malicious and was done with reckless disregard for Liland's emotional well-being and her rights.

**WHEREFORE** Plaintiff Rebecca Liland respectfully requests that the Court enter a judgment decreeing that Defendant All American Barricades, Corp., violated the Florida Civil Rights Ac and awarding all available compensatory, economic, special, and punitive damages, interest, and any additional relief deemed appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Rebecca Liland hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/Alejandro F. Garcia*
    Alejandro F. Garcia, Esq.
    Florida Bar No. 98505
    agarcia@ramhofergarcia.com
    RAMHOFER GARCIA, PLLC
    11900 Biscayne Blvd.
    Suite 742
    North Miami, FL 33181
    Telephone: (305) 481-9733
    Facsimile:  (954) 697-0341
    *Attorney for Plaintiff Rebecca Liland*